UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR and CLAUDIO CASTRO,<br><br>Plaintiffs,<br><br>v.<br><br>ARIA HERMATIAN,<br><br>Defendant. | Case No. 19-cv-00425-NC<br><br>**ORDER TO SHOW CAUSE WHY THIS COURT HAS SUBJECT MATTER JURISDICTION** |

Pro se plaintiffs Hassan Abpikar and Claudia Castro filed a complained against Aria Hermatian over unpaid rent. Dkt. No. 1. Plaintiffs state that this Court has subject matter jurisdiction over the action based on both federal question (28 U.S.C. § 1331) and diversity (28 U.S.C. § 1332) grounds. *Id.* at 2. The Court is concerned that neither basis for subject matter jurisdiction actually applies here, and so hereby ORDERS the plaintiffs to show cause why it has subject matter jurisdiction over this case.

**I.    SUBJECT MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction. They may only exercise authority over controversies delineated in Art. III, § 2, cl. 1 of the U.S. Constitution. Subject matter jurisdiction allows a court to render judgments over the claims in the case. *See Stoll v. Gottlieb*, 305 U.S. 165, 171 (1938); *see also Thompson v. Whitman*, 18 Wall. 457, 465 (1874). Subject matter jurisdiction refers to the tribunal's power to hear the case, as a separate issue from whether the plaintiffs' allegations entitle them to relief. *Morrison v.*

*Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010). Courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it lacks subject matter jurisdiction, it must dismiss the entire complaint. *Id*.

There are two bases for subject matter jurisdiction: federal question and diversity. "Federal question" refers to the federal district court's original jurisdiction over all civil actions which arise under the Constitution or federal law. 28 U.S.C. § 1331. "Diversity" jurisdiction requires that (1) the amount in controversy exceed $75,000, and (2) parties be citizens of different states. 28 U.S.C. § 1332(a). When neither of these bases apply, a case is properly brought in state court.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(1), it is the plaintiff's burden to plead a short and plain statement of the grounds for the court's jurisdiction. Here, plaintiffs state that because a "Rental Payment Declaration" was signed before the federal bankruptcy court, the case contains a federal question. Dkt. No. 1 at 2. Plaintiffs also state that the amount in controversy is over $75,000 (they request $80,000 in damages, plus interest, along with the defendant's eviction from their house). *Id*. at 1, 2. Both plaintiffs and the defendant are citizens of California. *Id*. at 2. Therefore, diversity jurisdiction is not applicable here and only federal question jurisdiction may exist.

Plaintiffs seem to base their federal question argument on their allegation that the defendant currently has a case before a federal bankruptcy court, and their claim that the defendant perjured himself before that court. *Id*. at 6. Specifically, plaintiffs allege that the defendant signed a declaration under penalty of perjury before the bankruptcy court stating that he would pay rent to Ms. Castro at $2,500 per month, but that he has failed to do so after May 2016. *Id.*

Federal question jurisdiction requires that a suit "arise[s] under" a federal law or the U.S. Constitution. 28 U.S.C. § 1331. Here, the plaintiffs have not pleaded that any federal

2

law, nor the U.S. Constitution, has been violated. That a case in federal bankruptcy court is related somehow to these claims does not mean that a federal question exists. Even if the defendant perjured himself in that federal bankruptcy court, perjury is not the basis for a civil lawsuit (rather, it is a crime). *See Pollock v. Uni. of S. California*, 112 Cal. App. 4th 1415, 1422 (2003). This landlord-tenant dispute seems more properly a question before the courts of the State of California.

### III. CONCLUSION

The Court has an obligation to ensure that it has subject matter jurisdiction over this case; it is unsure here. The plaintiffs are therefore ORDERED TO SHOW CAUSE why this Court has subject matter jurisdiction over their claims within fourteen days of this order, by **February 8, 2019.**

The plaintiffs are also invited to consult with the Court's Pro Se Program for limited-scope legal assistance for pro se litigants. The Pro Se Program is located in Room 2070 at the San Jose United States Courthouse, 280 S. 1st St., San Jose CA 95113 and is available on a drop-in basis, or appointments can be made by phone at (408) 297-1480.

**IT IS SO ORDERED.**

Dated: January 25, 2019  _____
NATHANAEL M. COUSINS
United States Magistrate Judge